IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATALIE ROCHELL PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-356-GKF-PJC |
| | ) | |
| NAVISTAR INTERNATIONAL CORP., | ) | |
| a foreign for profit business   corporation; | ) | |
| NAVISTAR, INC., a foreign for profit business | ) | |
| corporation, f/k/a INTERNATIONAL TRUCK | ) | |
| AND ENGINE CORPORATION; and (3) IC | ) | |
| BUS OF OKLAHOMA, LLC, a foreign | ) | |
| limited liability corporation, f/k/a AMERICAN | ) | |
| TRANSPORTATION OF OKLAHOMA, LLC; | ) | |
| and IC BUS, LLC, , a foreign limited liability | ) | |
| company; | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

**COMES NOW** Natalie Rochelle Perkins (hereinafter "Plaintiff"), by and through her attorneys of record, Amber Peckio Garrett of the Garrett Law Center, PLLC, and brings this action against **Navistar International Corporation**, a foreign for profit business corporation; **Navistar, Inc.**, a foreign for profit business corporation, f/k/a International Truck and Engine Corporation; **IC Bus of Oklahoma, LLC**, a foreign limited liability corporation, f/k/a American Transportation of Oklahoma, LLC (hereinafter "Defendant IC"); and **IC Bus, LLC**, a foreign limited liability company; and (collectively the "Defendants"); for violations of her constitutionally protected rights arising out of her employment.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a resident of Tulsa, Tulsa County, State of Oklahoma.

2.      Defendant IC is a foreign limited liability corporation regularly doing business in Tulsa, Tulsa County, State of Oklahoma.

3.      The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa, Tulsa County, State of Oklahoma.

4.      Plaintiff filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC") complaining to the EEOC of discrimination based on her disability, her race, her sex and retaliation by her employer, Defendant IC.   A Notice of Right to Sue was received by Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue.  As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5.      This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

6.      Plaintiff brings this action under the *Oklahoma Anti-Discrimination Act* (OADA) and Title VII of the Civil Rights Act of 1964, for discriminating against her on the basis of her disability, her race, her sex and retaliation by her employer, Defendant IC and for damages and to secure protection of and to redress deprivation of rights secured by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.* (hereinafter the "ADA").

7.      Compensatory damages are sought pursuant to 42 U.S.C. §12101 *et seq.* and 25 O.S. §§1101, 1301 *et seq.*

8.      Punitive damages are sought pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 25 O.S. §§1101, 1301 *et seq.*

2

9.     Costs and attorney's fees may be awarded pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 25 O.S. §§1101, 1301 *et seq.*

### FACTS COMMON TO ALL CLAIMS

10.     Plaintiff incorporates the paragraphs 1 through 9, as if realleged.

11.     Defendant IC hired Plaintiff as a Mechanical Technician on July 15, 2008.  She is currently employed with Defendant IC as an Electrician.

12.     Plaintiff is a black woman and is the only woman employed as an electrician for Defendant IC.

13.     Approximately December (2011) or January (2012), the Plaintiff's supervisor, Phil Pill, called her into Defendant IC's office and wrote her up, *i.e.* a written warning which was placed in her personnel file, for leaving the lights on in a bus.  Plaintiff's male electrician co-worker had also left the lights on in a bus prior to the Plaintiff, but the supervisor, Phil Pill, did not write the co-worker up (even though he was aware of it) until the Plaintiff asked him why he wrote her up and not her co-worker.

14.     The Plaintiff asked her supervisor, Phil Pill, if she could take off for a death in her family and he denied her request, even though other employees were allowed to take off for a death in the family.

15.     When Plaintiff was sick, she asked her supervisor, Phil Pill, if she could use her vacation pay for her time off.  He denied her request, even though other employees were allowed to use vacation pay for sick time off.

16.     Prior to August 27, 2012, the Plaintiff had informed her employer that she could not work outside due to a disability and requested that she continue to work inside on the assembly line.  Her disability is that she gets sick if she is exposed to prolonged or excessive

3

exposure to direct sunlight because of a reaction to her blood pressure medicine.  However, on August 27, 2012, her supervisor, Phil Pill, assigned her to work outside.  As a result of working outside, the Plaintiff became ill.

17.     On or about September 4, 2012, the Plaintiff showed Mike McCarty the medication bottle and the FDA warning.  He then sent the Plaintiff to medical.  Dr. Montgomery wrote a statement and said they needed to bring the Plaintiff inside.  The Plaintiff gave a pink slip to her supervisor, Phil Pill, that showed her restriction that said she can't be in sun outside. Even with the Defendant IC medical doctor's statement telling her supervisor, Phil Pill, to bring her in, he placed the Plaintiff back outside.

18.     On September 6, 2012, the Plaintiff requested to take off work to go see her own doctor and her supervisor Phil Pill, denied her request.  However, Mike McCarty contacted Phil Pill and told him to let the Plaintiff off to go to her doctor.

19.     The Plaintiff went to her doctor on September 6, 2012 at 1:00 p.m. and he wrote a doctor statement that the Plaintiff could not be in prolonged or excessive exposure to direct or artificial sunlight while taking her medication.  The Plaintiff gave medical the doctor's note to put in her file on September 9, 2012.  On September 9, 2012, the Plaintiff also took copies to her supervisor, Phil Pill, and Mike McCarty, to show them she could not work outside. 20.     As     a result of her employer's denial to make reasonable accommodations for the Plaintiff because of her disability, she continued to work outside.  On September 17, 2012, she got sick and passed out while working outside on the job.  The Plaintiff was taken by ambulance to Saint Francis Hospital in Tulsa, Oklahoma and admitted for chest pain.

20.     The Plaintiff was hospitalized for one night and when she was discharged, her doctor gave her a note for her to give to Defendant IC advising that she should be excused from

three (3) days work, to return on September 24, 2012, and that she should avoid prolonged or excessive exposure to direct sunlight.

21.     When Plaintiff returned to work she went to HR and asked why she was being discriminated. The HR representative told her that "Phil goes by the book". The head of HR said he would have someone contact her and set up a meeting with her and her supervisor, Phil Pill. *Nothing happened after each incident.* When the Plaintiff became emotionally upset and started to cry, the HR Department suspended her with pay for three days.

22.     During Plaintiff's employment, her supervisor, Phil Pill, harassed her by writing her up, saying threatening comments to her and making sexist comments to her. Phil Pill did not harass the male employee-electricians. In September 18, 2012, the Plaintiff called in to complain of the harassment to the Defendants' corporate office hotline, *but she never heard back.* No reason was given for the harassment, retaliation or suspension.

23.     To this day, the Plaintiff still reports to supervisor, Phil Pill, and he continues to harass her, write her up when something isn't done right even when it turns out that it was the fault of another employee and not the Plaintiff, and continues to treat her with hostility and daily intimidation.

24.     Plaintiff believes she was retaliated against for requesting accommodations for her disability and for being the only woman electrician.

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON DISABILITY

25.     Plaintiff incorporates the paragraphs 1 through 23, as if realleged.

26.     Defendants engaged in unlawful employment practices in violation of ADA, 42 U.S.C. §12101 *et seq.*

27.     Persons with a physical impairment or who are perceived to have such an impairment are persons with a disability within the meaning of Sections 3 and 102(a) of the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12112(a).

28.     Plaintiff was an employee of Defendants.

29.     Plaintiff was qualified to perform her job functions with reasonable accommodations.

30.     Plaintiff has a disability that substantially affects one or more of her major life activities, such as breathing, communicating and her ability to physically and mentally process situations when working outside for a prolonged period.

31.     Defendants rescinded the reasonable accommodations that it had allowed Plaintiff for the previous four (4) years.

32.     Plaintiff requested reasonable accommodations based on her disability, which Defendants denied.

33.     As a result of the Defendants' denial of reasonable accommodations, the Plaintiff was hospitalized and instructed by her doctor to stay home for three (3) days before returning to work.

34.     After returning to work, in an attempt to discuss the discrimination with HR, Plaintiff was suspended from working for three (3) days.

35.     Plaintiff returned to work and continues to be harassed and discriminated against by her supervisor, Phil Pill.

36.     The effect of the practices complained herein has been to deprive Plaintiff of equal employment opportunities and, otherwise, adversely affect her status as an employee, because of her disability and/or the perception of her disability.

37.     The unlawful employment practices complained of were and are intentional.

38.     Defendants at all relevant times have acted with malice or reckless indifference to the federally protected rights of Plaintiff, in violation of the ADA, U.S.C. §12101 *et seq.*

**WHEREFORE**, Plaintiff prays for judgment against Defendants for:

(a) Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

(b) Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

(c) Punitive damages for the intentional and knowing acts of discrimination committed by and still being committed by Defendants' management and executives;

(d) Her attorney fees and the costs and expenses of this action; and

(e) Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION BASED ON DISABILITY

39.     Plaintiff incorporates the paragraphs 1 through 38, as if realleged.

40.     Defendants engaged in unlawful employment practices in violation of 25 O.S. §§1101, 1301 *et seq.*

41.     Plaintiff was qualified to perform her job functions with reasonable accommodations.

42.     Plaintiff has a disability that substantially affects one or more of her major life activities, such as breathing, communicating and her ability to physically and mentally process situations when working outside for a prolonged period.

43.     Defendants rescinded the reasonable accommodations that it had allowed Plaintiff for the previous four (4) years.

44.     Plaintiff requested reasonable accommodations based on her disability, which Defendants denied.

45.     As a result of the Defendants' denial of reasonable accommodations, the Plaintiff was hospitalized and instructed by her doctor to stay home for three (3) days before returning to work.

46.     After returning to work, in an attempt to discuss the discrimination with HR, Plaintiff was suspended from working for three (3) days.

47.     Plaintiff returned to work and continues to be harassed and discriminated against by her supervisor, Phil Pill.

48.     The discrimination committed by Defendant is contrary to Oklahoma's anti-discrimination statute.

49.     Plaintiff is suing to recover damages for emotional distress, punitive damages based upon the wanton and willful conduct of Defendant and attorney fees and costs as a result of this action.

50.     By treating Plaintiff differently than employees who did not suffer from a disability, Defendant has violated Oklahoma's anti-discrimination statutes; 25O.S. §§ 1101, 1901.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for:

a.      Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

b.      Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

c.      Punitive damages for the intentional and knowing acts of discrimination committed by and still being committed by Defendants' management and executives;

d.      Her attorney fees and the costs and expenses of this action; and

e.      Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### RETALIATION AND DISCRIMINATION ON BASIS OF SEX

51.     Plaintiff incorporates the paragraphs 1 through 50, as if realleged.

52.     Defendants engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act and the ADA, U.S.C. §12101 *et seq.*

53.     An employer may not harass or otherwise "retaliate" against an individual for filing a charge of discrimination or otherwise opposing discrimination.  (Title VII of the Civil Rights Act; ADA and Equal Employment Opportunity Commission "EEOC").

54.     An employee is protected from coercion, intimidation, threat, harassment or interference in an employee's exercise of their own rights.

55.     The Plaintiff is a black female who is the only female employed by the Defendant IC as an electrician.   The Plaintiff's supervisor, Phil Pill, has a long-standing pattern of harassing, threatening, intimidating and interfering with the Plaintiff's exercise of her own rights and the Defendants have not taken action against Phil Pill, as required by law.

56.     During Plaintiff's employment, her supervisor, Phil Pill, harassed her by writing her up, saying threatening comments to her and making sexist comments to her.  Phil Pill did not harass the male employee-electricians.   On September 18, 2012, the Plaintiff reported the harassment to the Defendants' corporate office hotline, *but she never heard back.*  No reason was given for the harassment, retaliation or suspension.

57.     To this day, the Plaintiff still reports to supervisor, Phil Pill, and he continues to harass her, write her up when something isn't done right even when it turns out that it was the fault of another employee and not the Plaintiff, and continues to treat her with hostility and daily intimidation.

58.     The Plaintiff's supervisor, Phil Pill, called her into Defendant IC's office and wrote her up, *i.e.* gave her a written warning which was placed in her personnel file, for leaving the lights on in a bus.  Plaintiff's male electrician co-worker had also left the lights on in a bus prior to the Plaintiff, but the supervisor, Phil Pill, did not write the co-worker up (even though he was aware of it) until the Plaintiff asked him why he wrote her up and not her co-worker.

59.     The Plaintiff asked her supervisor, Phil Pill, if she could take off for a death in her family and he denied her request, even though other employees were allowed to take off for a death in the family.  The Plaintiff had to go to HR to talk with Becky who was over HR at that time and Becky granted the Plaintiff's request for time off.

60.     When Plaintiff was sick, she asked her supervisor, Phil Pill, if she could use her vacation pay for her time off.  He denied her request, even though other employees were allowed to use vacation pay for sick time off.

61.     When Plaintiff requested to work inside due to her disability, her supervisor, Phil Pill, denied her request to intimidate her (even when another employee instructed him to move her back inside.

62.     Plaintiff believes she was retaliated against for requesting accommodations for her disability and for being the only woman electrician.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for:

(a) Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

(b) Compensatory damages for her physical anguish, pain and suffering and other non-pecuniary losses;

(c) Punitive damages for the intentional and knowing acts of discrimination committed by and still being committed by Defendants' management and executives;

(d) Her attorney fees and the costs and expenses of this action; and

(e) Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63.     Plaintiff incorporates the paragraphs 1 through 62, as if realleged.

64.     Defendants' actions of intentional and malicious discrimination and denial of reasonable accommodations for Plaintiff's disability are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual and punitive damages in excess of Seventy-Five Thousand Dollars ($75,00000), with interest accruing from date of filing of suit, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, compensatory damages for physical anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees and costs, injunctive relief and all other relief deemed appropriate by this Court.

Respectfully submitted,

**GARRETT LAW CENTER, PLLC**

By:     */s/Amber Peckio Garrett*
        Amber Peckio Garrett, OBA #19908
        D. Mitchell Garrett, Jr., OBA #20704
        P. O. Box 1349
        Tulsa, Oklahoma 74101-1349
        Telephone: (918) 895-7216
        Facsimile: (918 895-7217
        Email: amber@garrettlawcenter.com
        **ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**

Respectfully submitted,

**GARRETT LAW CENTER, PLLC**

By:  /s/Amber Peckio Garrett
     Amber Peckio Garrett, OBA #19908
     D. Mitchell Garrett, Jr., OBA #20704
     P. O. Box 1349
     Tulsa, Oklahoma 74101-1349
     Telephone:  (918) 895-7216
     Facsimile:  (918 895-7217
     Email:  amber@garrettlawcenter.com
     **ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**

**CERTIFICATE OF MAILING**

I, the undersigned, hereby certify that on the 21st day of August, 2013, a true and exact copy of the above and foregoing instrument was transmitted electronically through the CM/EFC website to:

Stephanie Johnson Manning
Kimberly Lambert Love
Titus, Hillis, Reynolds, Love,
  Dickman & McCalmon
15 E. 5th Street, Suite 3700
Tulsa, OK 74103

      /s/ Amber Peckio Garrett
     Amber Peckio Garrett, OBA# 19908

12